Nicholson, C. J.,
delivered the opinion of the Court.
The questions of law tfo be determined in this case arise upon the following facts:
In May, 1869, plaintiff applied at the office of the Pennsylvania Railroad- Company, in the City of New York, for a “through ticket” from New York to Memphis, which he bought' and paid for — the route being through to Philadelphia and Pittsburg, and thence- by rail to Louisville, Ky., and thence to Memphis, Tenn.; the whole fare was paid to the Pennsylvania Central Railroád Company, and coupon tickets taken, entitling him to travel on the connecting roads through to Memphis. He received metallic checks for his baggage calling for Memphis, Tenn. Among his baggage so checked was a willow basket, containing various articles of goods. Plaintiff and his .baggage left New York on the Pennsylvania Central Railroad train, and during the first night, while on the’ cars of that road, which was the first in the line, plaintiff was notified that the wicker basket had been broken open in the baggage car, and some of the goods taken out. He paid no attention to the basket, and gave no directions about it — nor did he see anything more of it until he reached Memphis. At that place he presented his check, and after having the basket examined and the contents inventoried, he received it, but without waiving his right to damages for the value of the articles lost, which was about $150. His coupon ticket was recognized and taken up by the several separate companies on the route.
After these facts were proven by plaintiff, defendant *240 proved that the Nashville & Louisville Railroad Co. was the lessee of the Memphis & Ohio Railroad at the time the goods were lost. Whereupon plaintiff moved the court to amend by making the Louisville & Nashville Railroad Company a defendant, which was done, over the objection of the defendant.
Upon these facts, plaintiff sues the defendants for the damages resulting from the loss of the goods abstracted from the basket, and, a jury being dispensed with, the court held that the defendants were . not responsible. '
It becomes important to determine, at the threshold of our inquiries, the legal import and extent of the contract entered into between the plaintiff and the Pennsylvania Central Railroad Company. For a specific amount, which was paid, the company undertook to transport plaintiff and his baggage by its own road, and others designated, making a continuous line, to Memphis, and as evidence thereof plaintiff was furnished with coupon tickets and a metallic check. In making this contract, was the Pennsylvania Central Company acting as agent for all the other companies on the line to Memphis; or was it undertaking for itself, that the other companies as well as its own would transport, plaintiff and his baggage to Memphis? The only proof in the case is, that the Pennsylvania Central Company sold to plaintiff tickets for the entire route, received payment therefor, and that the several companies on the route recognized the tickets, and passed plaintiff upon them. But whether the tickets were so recognized, because the Pennsylvania Central *241 Company was their agent to make suck contract, or because they bad an arrangement with that company by which they undertook to transport for it passengers furnished by it with such tickets, there is nothing in the proof which enables ns to determine. There is no proof of any contract or arrangement, express- or implied, among the several companies on the line,. as to the transportation of passengers or baggage or-freight — nor is there any proof of any contract or arrangement between the Pennsylvania Central Company-on one side, and the other companies or any of them on the other side, as to the transportation of passengers or baggage or freight over the lines of the several companies — nor is there any proof of any custom-from which such contract or arrangement can be implied. All we have before us, is the simple fact,, that the Pennsylvania Central Company .sold plaintiff tickets which were recognized as good along the whole-line, and which carried him to Memphis. Without' other facts or circumstances proven, we are bound to hold, that the Pennsylvania Central Company undertook for itself to transport - plaintiff and his baggage-to Memphis, and that as there is no privity shown as between plaintiff and the defendants, the latter can not be held responsible for a loss shown to have occurred before the baggage reached their road.
Upon this view of the contract it is not necessary, nor would it be proper, to determine the several questions which have been elaborately argued.
There is no error in the judgment below, and we-affirm it.